WILLIAMS LAW FIRM, P.C.
Nicholas J. Pagnotta, Esq.
Alexander T. Tsomaya, Esq.
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350 Fax: (406) 721-6037
nick@wmslaw.com
alex@wmslaw.com
*Attorneys for Petitioner*
*Mid-Century Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, <br><br> Petitioner, <br><br> -vs- <br><br> WINDFALL, INC., METTLE, LLC d/b/a METTLE STRATEGIC MARKETING SOLUTIONS, JIM McGOWAN, BROOKE REDPATH, TARA HALLS, TIA METZGER, and MEGAN RICHTER, <br><br> Respondents. | CV _____ <br><br><br> PETITION FOR DECLARATORY JUDGMENT |

Petitioner Mid-Century Insurance Company ("Mid-Century"), for its Petition for Declaratory Judgment, states and alleges as follows:

1.     This is a declaratory judgment action concerning whether insurance coverage exists regarding an action filed in Missoula County, Montana. Mid-Century's position is the underlying case does not fall within the initial grant of

coverage and, additionally, fits squarely within policy exclusions. Therefore, there is no duty to defend respondents in the underlying action.

## I.    JURISDICTION AND VENUE

2.    As demonstrated below, the Court has jurisdiction under 28 U.S.C. 1332(a), because there is diversity of citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs. Additionally, venue is appropriate in this Division, and a real case or controversy presents itself to the Court.

### A.    There Is Complete Diversity between the Parties

3.    Petitioner Mid-Century is an insurance company incorporated under the laws of California, with its principal place of business in California. Therefore, Mid-Century is a citizen of California.

4.    Respondent Windfall, Inc. is a Montana corporation with its principal place of business in Montana. Therefore, Windfall is a citizen of Montana.

5.    Respondent Mettle, LLC d/b/a Mettle Strategic Marketing Solutions ("Mettle") is a limited liability company organized under the laws of Montana. Mettle is a member managed limited liability company with three members, all of whom are natural persons: Brooke Redpath; Tara Halls; and Jim McGowan. As demonstrated below, all three members are citizens of Montana. Because all of Mettle's members are Montana citizens, Mettle is a citizen of Montana.

6.     Respondents Jim McGowan, Brooke Redpath, Tara Halls, Tia Metzger, and Megan Richter are all natural persons and citizens of Montana.

7.     Because Mid-Century is not a citizen of Montana and none of the Respondents are citizens of California, there is complete diversity between the parties.

B.     The Amount in Controversy Exceeds $75,000.00

8.     This declaratory action arises from the terms of an insurance policy with limits exceeding $75,000.00.

9.     The underlying case concerns allegations of misappropriating proprietary information, soliciting clients, conversion, injunctive relief, and punitive damages.

10.     The damages sought in the underlying litigation exceed $75,000.00, exclusive of interest and costs. Therefore, the amount in controversy requirement is met.

C.     Venue Is Appropriate in the Missoula Division

11.     A substantial part of the events or omissions giving rise to the claims stated below occurred in Missoula County.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

D.     A Real Case or Controversy Exists

13.     A real case or controversy exists between the parties. This case concerns whether Mid-Century has a duty to defend or indemnify Respondents against the claims brought by Lee Enterprises, Inc.

14.    Mid-Century is currently defending Windfall, McGowan, Richter, and Metzger under a reservation of rights. As shown below, Mid-Century never insured Mettle, Redpath, and Halls, and they policy does not apply to them.

15.    Lee Enterprises, Inc., the plaintiff in the underlying action, has disclaimed any interest in this action concerning insurance coverage.

16.    The Court has authority to issue the declaratory judgment prayed for pursuant to 28 U.S.C. § 2201(a).

## II.    DECLARATORY JUDGMENT

### A.    Mid-Century's Insurance Policy

17.    Mid-Century issued a commercial insurance policy to Windfall, Inc., the policy's named insured. The policy's effective date is October 27, 2014, to October 27, 2015. A copy of the policy is attached as **Exhibit 1**.

### B.    The Underlying Case

18.    On May 26, 2015, Lee Enterprises, Inc. filed a lawsuit against: Windfall, Inc.; Mettle, LLC d/b/a Mettle Strategic Solutions; Jim McGowan; Brooke Redpath; Tara Halls; Tia Metzger; Megan Richter; and Does 1-10.

19.    The underlying case stems from alleged harm suffered by *The Missoulian*, at the hands of its now former employees—the individual named Respondents. The underlying complaint claims those former employees intentionally committed this wrongdoing on behalf of their current employers, Windfall and Mettle. More specifically, Lee Enterprises alleged that the individual

Respondents intentionally misappropriated proprietary information and solicited customers—both while employed for *The Missoulian* and after their resignations. A copy of the underlying complaint is attached as **Exhibit 2**.

20.    There is also a motion to amend the complaint in the underlying case. The proposed amended complaint does not deviate from the operative complaint for coverage purposes. A copy of the proposed amended complaint is attached as **Exhibit 3**.

21.    While Respondents' counsel has also provided Mid-Century additional documents from the underlying action, those documents have been considered and do not establish a duty to defend.

22.    The underlying complaint seeks injunctive relief and damages. In total, the underlying complaint sets forth nine independent legal theories:

    a.  Violation of Montana's Uniform Trade Secrets Act (All Defendants);

    b.  Injunctive Relief (All Defendants);

    c.  Breach of the Implied Covenant of Good Faith and Fair Dealing (McGowan, Halls, Redpath, Metzger, and Richter);

    d.  Tortious Interference with Business Relations (All Defendants);

    e.  Civil Conspiracy (McGowan, Halls, Redpath, Metzger, and Richter);

    f.  Duty of Loyalty (McGowan, Halls, Redpath, Metzger, and Richter);

    g.  Unfair Competition and Misappropriation (All Defendants);

h.  Conversion (All Defendants); and

i.  Punitive Damages (All Defendants).

23.     As set forth below, the alleged acts giving rise to these claims do not trigger coverage under Mid-Century's policy.

      C.    <u>Mettle, Halls, and Redpath Are Not Insureds to Which the Policy Applies</u>

24.     The present policy was issued to Windfall, Inc., the named insured. It contains Business Owners Liability Coverage.

25.     The policy defines who is an insured. The Declarations state Windfall is the "named insured." It also defines who is an insured:

**Who Is An Insured**

    **1.** If you are designated in the Declarations as:

                    ***

        **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders

    **2.** Each of the following is also an insured:

        **a.** Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by

you or while performing duties related to the conduct of
your business. . . .

26.    Mettle, Halls, and Redpath are not "insureds" under Mid-Century's
policy.

27.    Mettle is not a named insured. The underlying complaint alleges it is a
separate entity from Windfall, and Mettle was organized after the policy was
issued. *See* Underlying Compl. at ¶ 8.

28.    Defendants Tara Halls and Brooke Redpath are not insureds. The
underlying complaint alleges they committed wrongdoing on Mettle's behalf. It
does not allege they ever acted within the scope of employment for Windfall. It
does not allege they were ever Windfall's employees or otherwise worked there.

29.    Mettle, Halls, and Redpath purchased insurance through a different
insurer on Mettle's and their behalf.

### D.    The Allegations in the Underlying Complaint Do Not Fall within the Initial Grant of Coverage

30.    In the underlying complaint, Lee Enterprises claims the individual
defendants engaged in intentional misconduct during and after their employment at
*The Missoulian* on behalf of Windfall and Mettle. The individual underlying
defendants—McGowan, Redpath, Halls, Richter, and Metzger—worked for the
Missoulian until they resigned in the spring of 2015.

31.    While the individual Defendants resigned in the spring of 2015, the

underlying complaint alleges they began harming *The Missoulian* during their employment. Lee Enterprises claims McGowan, Halls, Redpath, Metzger, and Richter began planning their departure after McGowan's demotion from publisher in the fall of 2014. Compl. at ¶ 19.

32.    According to Lee Enterprises, the underlying defendants wanted to develop Windfall and Mettle as "full service marketing and advertising agencies that would directly compete with MMG." *Id.* at ¶ 19. Lee Enterprises' forensic computer accounting apparently indicates McGowan began copying proprietary information as early as the day he was demoted—September 17, 2014—from his previous position as publisher. *Id.* at ¶ 21.

33.    Lee Enterprises also alleges McGowan, Halls, Redpath, Metzger, and Richter planned their departure and future business while still working for *The Missoulian* "on company time." *Id.* at ¶ 22.

34.    Lee Enterprises claims all individual defendants "began directly competing with *The Missoulian* on behalf of Windfall and Mettle" while they were still with *The Missoulian*. *Id.* at ¶ 23. Lee Enterprises lists the following conduct:

    a.  Copying and deleting files;

    b.  Contacting *The Missoulian*'s customers;

    c.  Directing *The Missoulian*'s customers to their personal e-mail accounts, so they could promote Windfall and Mettle; and

d. Forwarding *The Missoulian*'s proprietary information to their personal e-mail accounts or copying it to external storage devices for Windfall and Mettle's use.

35.   In summary, the allegations claim "McGowan, Halls, Redpath, Metzger, and Richter have misappropriated proprietary information from *The Missoulian* and MMG to promote the business interests of Windfall and Mettle in direct competition with *The Missoulian* and MMG." *Id.* at ¶ 26.

36.   If an individual or entity is an insured, the policy provides the following coverage:

This insurance applies:

**(1)** To "bodily injury" and "property damage" only if:

**(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(b)** The "bodily injury" or "property damage" occurs during the policy period.

**(2)** To:

**(a)** "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

**(b)** "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;

37.   The Personal and Advertising Injury Coverage Amendatory Endorsement

replaces the phrases "personal injury" and "advertising injury" with "personal and advertising injury," and defines it as follows:

> "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the offenses:
>
> **a.** False arrest, detention or imprisonment;
>
> **b.** Malicious prosecution;
>
> **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
>
> **d.** Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products of services;
>
> **e.** Oral or written publication of material that violates a person's right of privacy;
>
> **f.** The use of another's advertising idea in your "advertisements"; or
>
> **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

23. The endorsement defines "advertisement" as follows:

> **1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.

38.   The underlying complaint does not allege accidental "bodily injury"

resulting from an "occurrence" on its face.

39.    The underlying complaint does not allege "property damage," because it does not allege "physical injury" to "tangible property." And, additionally, because the underlying complaint alleges intentional conduct, there is no "occurrence" with respect to claims for "property damage" as there is no accident.

40.    The underlying complaint does not allege a "personal and advertising injury."

41.    The allegations in the underlying complaint do not meet the definition of "advertisement." Nor do the allegations fall within any of the enumerated offenses for "personal and advertising injury." Therefore, the allegations in the Complaint do not trigger coverage under the policy.

E.    Exclusions Preclude Coverage

42.    While there is no initial grant of coverage, two exclusions also preclude coverage.

43.    Exclusion (1)(a) precludes coverage for damages: "Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury[.]"

44.    The underlying complaint alleges intentional and willful misconduct. Therefore, there is no coverage.

45.    Exclusion (1)(i) precludes coverage for acts: "Committed by an insured

whose business is advertising, broadcasting, publishing or telecasting. However, this exclusion does not apply to Paragraphs 13. a., b. and c. of 'personal and advertising injury' under F. Liability And Medical Expenses Definitions."

46.   The underlying complaint alleges: "Windfall, Inc. ("Windfall") is a marketing and advertising agency based in Missoula County, Montana." Compl. at ¶ 7. Similarly, the underlying complaint alleges: Mettle "is a marketing and advertising agency based in Missoula County, Montana." *Id.* at ¶ 8.

47.   Based on the allegations in the Complaint, this exclusion applies to preclude coverage.

## PRAYER FOR RELIEF

Mid-Century prays:

1.   The Court declare there is no coverage under Mid-Century's policy for any and all claims in the underlying case, and therefore Mid-Century owes no duty to defend Respondents.

2.   Petitioner shall be awarded its costs and fees.

3.   The Court grant any additional or supplemental relief in which it deems necessary.

DATED this _6th_ day of November, 2015.

/s/ Nicholas J. Pagnotta
_____
Nicholas J. Pagnotta, Esq.
Alexander T. Tsomaya, Esq.
Williams Law Firm, P.C.
*Attorneys for Petitioner Mid-Century*